Kathryn J. Halford (CA Bar No. 68141)
email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
email: erosenfeld@wkclegal.com
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMIAH SIGNS, INC., a California corporation,<br><br>Defendant. | CASE NO.<br><br>The Hon.<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE AND VIOLATION OF ERISA**<br><br>[29 U.S.C. §§185, 1132, 1145] |

COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2. In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan and of the Motion Picture Industry Individual Account Plan and the Motion Picture Industry Health Plan (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "Employee Pension Benefit Plans" as defined in section 3(2) of ERISA, 29 U.S.C. §1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an "Employee Welfare Benefit Plan" as defined in section 3(1) of ERISA, 29 U.S.C. §1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of sections 3(37)(A) and 515 of ERISA, and 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of section 21(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. The Plans were established pursuant to collective bargaining agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, an industry affecting commerce, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in Studio City, within the County of Los Angeles.

6. Plaintiffs are informed and believe and thereon allege that Defendant SAMIAH SIGNS, INC. (hereafter "Samiah Signs" or "Defendant") is a California corporation organized and existing under and by virtue of the laws of the State of California.

7. At all relevant times herein, Samiah Signs has been an employer in an industry affecting commerce, within the meaning of the LMRA and ERISA.

8. This complaint is prosecuted pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), and pursuant to sections 502 and 515 of the ERISA, 29 U.S.C. §§1132 and 1145, to enforce the provisions of a collective bargaining agreement and ERISA against an employer engaged in an industry affecting commerce.

**FIRST CLAIM FOR RELIEF**

**(Specific Performance)**

(By All Plaintiffs Against Defendant)

9. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 8, as if fully set forth herein.

10. On or about May 24, 2017, Defendant Samiah Signs executed a Consent Agreement agreeing to become a party to and bound by the Producer-IATSE Basic Agreement of 2015 between the Alliance of Motion Picture and Television Producers, Inc. (AMPTP) and the IATSE and its West Coast Studio

1  Locals) ("Basic Agreement"). A true and correct copy of the Consent Agreement
2  is incorporated herein by this reference and attached hereto as Exhibit "1."

3       11.   In conjunction with the execution of Consent Agreement, Samiah
4  Signs executed a separate Trust Acceptance, agreeing to be bound by all terms and
5  conditions of the Agreements and Declarations of Trusts establishing the Pension
6  Plan, the IA Plan and the Health Plan ("Trust Agreements"), and to contribute to
7  the Plans on behalf of each employee covered by the Basic Agreement.  A true
8  and correct copy of the Trust Acceptance executed by Samiah Signs is attached
9  hereto marked collectively as Exhibit "2" and incorporated herein by reference.

10      12.   In addition to the Consent Agreement, Samiah Signs entered into an
11 Employee-Shareholder Company Agreement wherein Samiah Signs agreed to
12 make contributions to the Plans on behalf of shareholder Sania Diaz, on a
13 continuous 56 hour per week basis within five (5) working days following the end
14 of the weekly payroll period, except as otherwise provided in the Employee-
15 Shareholder Agreement. A true and correct copy of the Employee-Shareholder
16 Agreement is attached hereto and incorporated herein by reference as Exhibit "3".

17      13.   The Trust Agreements obligate Employers to forward a single,
18 combined weekly remittance report, together with contributions owed to the Plans
19 for the total hours worked by or guaranteed to all covered employees by the last
20 day of the week following the week in which work was performed.  Contributions
21 are delinquent if they are not received within five (5) days from the date such
22 contributions become due.

23      14.   The Trust Agreements at Article III of the Pension Plan, Article V of
24 the Health Plan and Article III of the Individual Account Plan provide that "the
25 Directors may, at reasonable times and during normal business hours of any
26 Employer, audit or cause the audit inspection of the records of any Employer
27 which may be pertinent in connection with the said contributions and/or reports

28

insofar as same may be necessary to accomplish the purpose" of the Trust Agreements.

15. The Trust Agreements for each of the Plans further provide that if an Employer fails to make records available for an audit or inspection and the Plans file a lawsuit to compel the production of documents, the Employer will be liable for the Plans' enforcement expenses including "all reasonable accountants' fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in addition to any delinquent contributions, liquidated damages, interest, attorneys' fees and costs, whether or not the audit or inspection identifies delinquent contributions."

16. The Plans have determined that the following records of Defendant Samiah Signs must be made available for inspection, and are necessary for the Plans to determine whether all contributions have been properly reported and paid in accordance with the Basic Agreement and the Trust Agreements: payroll registers, 1099 – MISC issued during the audit period, start slips, timecards and/or check registers and any other records or information that the Plans require to examine for the audit period commencing May 28, 2017 through March 27, 2018.

17. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded that Defendant submit the foregoing records for auditing but Defendant has failed and refused to comply with the Plaintiffs' audit demands.

18. As a result of Defendant's breach of the Basic Agreement and of the Trust Agreements, Plaintiffs are unable to ascertain whether contributions have been properly reported and paid to the Plans for covered work, and Plaintiffs have no adequate remedy at law. Plaintiffs are informed and believe and upon that basis allege that Defendant has failed to accurately report and pay contributions to the Plans. The exact amount of damages incurred as a result of the breach has not

been determined, but Plaintiffs will seek permission of the Court to amend when the amounts are ascertained through audit.

19. As a result of Defendant's failure to provide access to its records for audit either electronically or through delivery of the requested records to the Plans' auditors, it has been necessary for the Plans to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld and Plaintiffs have incurred costs.

20. In accordance with the provisions of the Trust Agreements, Plaintiffs are entitled to an order requiring Defendant to produce the specified records for audit by the Plaintiffs, and to pay reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Basic Agreement and the Trust Agreements.

21. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Basic Agreement and the Trust Agreements.

## **SECOND CLAIM FOR RELIEF**
### **(Violation of ERISA)**

22. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 21, as if fully set forth herein.

23. By failing to permit an audit of all requested records by the Plans in accordance with the provisions of the Trust Agreements, Defendant has violated ERISA §515, 29 U.S.C. §1145.

24. Without access to the compensation records as demanded, Plaintiffs are unable to determine whether Defendant has accurately reported and paid contributions to the Plans in accordance with the Basic Agreement and the Trust Agreements since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to Defendant's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform

their duties, the gross sum of which is incalculable, speculative, and may lead to irreparable damage.

25. In accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(a)(3), 29 U.S.C. §1132(a)(3) and 502(g)(2)(E), 1132(a)(3) Plaintiffs are entitled to and hereby demand as appropriate equitable relief for violation of ERISA §515, 29 U.S.C. §1145, that the Court issue an order requiring Defendant to make its records available for audit for the period of May 28, 2017 through March 27, 2018.

WHEREFORE, Plaintiffs pray for judgment against Defendant, SAMIAH SIGNS, a California Corporation, as follows:

1. For an Order compelling audit whereby Samiah Signs shall be directed by the Court within a specified time after entry to:

    A. Make electronic copies available of its proofs of payment, invoices, and Deal Memos/Contracts, along with such other records as may be necessary in the opinion of the Plans' auditor, and any other records or information that the Plans require to examine for the audit period commencing May 28, 2017 through March 27, 2018, or in the alternative deliver such records to the Plan's offices in Studio City, California.

    B. Afford to the Plans both ample time and opportunity to examine all of Defendant's materials specified above, without harassment, at its offices in Studio City.

2. That in the event Defendant cannot produce all of the records which the Plans are required to examine, the Court enter an Order Compelling Record Reconstruction where Defendant shall be directed by the Court within a specified time after the entry thereof, to:

    A. Apply to the Federal and State agencies with which Defendant previously filed periodic reports pertaining to employees for copies of its reports to them for all of the periods for which it is unable produce records; and

B. Subsequently make available to the Plans all such copies of Defendant's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above:

3. For payment of any unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of May 28, 2017 through March 27, 2018.

4. For all fees and costs of audit;

5. For reasonable attorneys' fees incurred in prosecuting this action;

6. For costs of suit; and

7. For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED: October 30, 2018        Kathryn J. Halford
                               Elizabeth Rosenfeld
                               **WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

                       BY:     */s/ Kathryn J. Halford*
                               KATHRYN J. HALFORD
                               Attorneys for Plaintiffs
                               Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan, Board of Directors of the Motion Picture Industry Health Plan